NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0619n.06

Case No. 09-2410

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Aug 26, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| DAVID LEE JOSLIN, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |

BEFORE: BATCHELDER, Chief Judge; GUY and MOORE, Circuit Judges.

ALICE M. BATCHELDER, Chief Judge. David Lee Joslin was charged in a two-count

indictment with delivery of marijuana in violation of 21 U.S.C. § 841. A jury convicted Joslin on

Count One and acquitted him on Count Two. Joslin was sentenced to 30 months in prison. On

appeal, Joslin contends that the district court committed reversible error by limiting cross-

examination of one of the government's witnesses, Holly Kujala. Finding no abuse of discretion,

we AFFIRM.

**I.**

Holly Kujala acted as an undercover purchaser in the transactions giving rise to the charges

against Joslin in this case. Kujala had entered into two separate cooperation agreements with the

Delta County Prosecutor in hopes of "working off" drug charges that were pending against her. The

first, entered into on May 30, 2007, required her to make three purchases of controlled substances

from three different people. In exchange, one of her two pending drug charges would be dropped.

After successfully completing that agreement, she entered into a supplemental agreement in November 2007 to work off her remaining charge. This second agreement was similar to the first, and both agreements stated that Kujala's "cooperation, honesty, and compliance with the law [were] essential to [the] agreement. After entering into [the] agreement and during its execution, [Kujala] must not commit or conspire to commit any crime."

During the pendency of her second cooperation agreement, Kujala was arrested for driving under the influence ("DUI"), for resisting and obstructing a police officer during the DUI events, and for shoplifting. Kujala was convicted on the DUI charge. At the time of Joslin's trial, charges for the other crimes were pending.

Before Joslin's trial began, the Government sought a preliminary ruling to exclude evidence of Kujala's arrests for shoplifting and resisting and obstructing a police officer. The Government argued that those arrests should be excluded pursuant to Federal Rule of Evidence 609. Defense counsel countered that the arrests were relevant to Kujala's bias and credibility because Kujala's cooperation agreement required her to comply with the law and the arrests had occurred during the pendency of that agreement. The district court granted the government's motion and excluded the evidence.

On appeal, Joslin argues that the district court abused its discretion in limiting the scope of Kujala's cross-examination and that the error was not harmless.

## II.

"We review a district court's decision to limit the scope of cross-examination for abuse of discretion." *United States v. Reid*, 625 F.3d 977, 986 (6th Cir. 2010). "Under Rule 611, a trial judge

2

has considerable discretion and a judge's ruling will not be the basis for reversal of a criminal conviction unless a defendant's substantial rights are affected." *United States v. Moore*, 917 F.2d 215, 222 (6th Cir. 1990). The relevant inquiry is "whether the jury was otherwise in possession of sufficient information concerning formative events to make a discriminating appraisal" of a testifying witness's motive, bias, prejudice, and veracity. *Takacs v. Engle*, 768 F.2d 122, 125 (6th Cir. 1985) (internal quotation marks omitted); *see also United States v. Touchstone*, 726 F.2d 1116, 1123 (6th Cir. 1984).

Joslin argues that the district court abused its discretion because the excluded evidence—the arrests not resulting in convictions—would have demonstrated that Kujala was both biased and untruthful. He claims that the government's decision not to pursue those charges against Kujala would have indicated her bias and that her "violations" of the cooperation agreement would have undermined her credibility. Joslin argues that Kujala's arrests reflect her willingness to violate the cooperation agreement's prohibition on criminal activity and suggest that she could also be willing to violate the agreement's exhortation to tell the truth.

The district court did not abuse its discretion in limiting the scope of cross-examination. Evidence of Kujala's potential bias was placed before the jury throughout her testimony, when counsel for both sides extensively explored her cooperation agreement and its attendant benefits. The jury had sufficient information concerning Kujala's interactions with the government to make a "discriminating appraisal" of her potential bias and motives for testifying. *See Touchstone*, 726 F.2d at 1123.

The jury also had sufficient information to evaluate Kujala's credibility. The jury knew that Kujala had violated her cooperation agreement's prohibition on criminal activity. Kujala testified that she "messed up" by driving under the influence, despite her promise not to commit any crimes. From that information, the jury could have inferred that Kujala might also be willing to violate the cooperation agreement's exhortation to tell the truth. Indeed, defense counsel relied on Kujala's DUI conviction to argue in his closing statement that she was not a reliable witness. Further, despite Joslin's argument to the contrary, the excluded evidence is not especially probative of dishonesty. Unlike Kujala's DUI conviction, the excluded evidence does not prove that she violated her cooperation agreement because an arrest, in and of itself, does not establish that she committed or conspired to commit a crime.

Accordingly, the district court did not abuse its discretion in limiting the scope of Kujala's cross-examination.

## III.

For the foregoing reasons, we **AFFIRM** the decision of the district court.